IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO BENNETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIVISION OF IMMIGRATION | : | NO. 05-4251 |
| HEALTH SERVICES, et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                   **March 28, 2005**

**I. Introduction**

Plaintiff Antonio Bennett brings this § 1983 suit against multiple Defendants, including Berks County, the warden of the Berks County Prison, the prison health care service provider, and federal immigration health service officials, alleging violations of the Eighth and Fourteenth Amendments. The Amended Complaint filed on September 15, 2005 includes five counts, all based on violation of Plaintiff's constitutional rights. Counts I and II allege that both the policy and the implementation of the policy requiring an immigration detainee to be in custody for more than twelve months before receiving dental care are unconstitutional. Count III contends that the county, its prison warden, and the prison's health service provider were deliberately indifferent to a serious medical need based on denial of dental service after Plaintiff had been in custody for *more* than twelve months. Finally, Counts IV and V seek monetary damages for the alleged constitutional damages asserted in the previous counts.[1] The Court has jurisdiction pursuant to

---

[1] The United States Supreme Court in <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provided federal courts with the ability to entertain suits seeking money damages against federal officers for violation of the United States Constitution. Though

28 U.S.C. § 1331, as the case involves causes of action arising under federal law, and venue is appropriate under 28 U.S.C. § 1391.

Presently before the Court are Motions to Dismiss pursuant to F.R. Civ. P. 12(b)(6) filed by Defendants Berks County ("the County") and Warden George Wagner ("Wagner") of the Berks County Prison (Doc. No. 13),[2] Defendant Primecare Medical, Inc. ("Primecare") (Doc. No. 16), and the Division of Immigration Health Services ("DIHS")[3] and two DIHS officials, Eugene Migliaccio ("Migliaccio") and Melissa Nazareth ("Nazareth") (Doc. No. 20) (collectively, "Defendants") filed on October 17, 2005, November 18, 2005, and January 12, 2006, respectively. The Plaintiff filed responses to these Motions on October 31, 2005, December 2, 2005, and January 12, 2006 (Doc. Nos. 14, 19, and 21). Because the Defendants set forth similar bases for their 12(b)(6) motions and the analysis of the alleged constitutional violation is central to resolving each of them, the Court will consider all motions simultaneously.

## II. Background

The Plaintiff is a former federal immigration detainee who was detained for more than three and a half years, approximately two of which were spent at Berks County Prison. In his § 1983 claim, Bennett alleges that he was improperly denied medical care while detained at

---

the basis for Count V is not entirely clear from the face of the complaint, it appears that Count IV asserts a Bivens claim against federal officers Migliaccio and Nazareth, as they are both sued in their individual capacities.

[2] Although Plaintiff originally sued Wagner in both his official and individual capacities, Plaintiff subsequently withdrew his individual capacity claim against the warden. See Pl.'s Resp. at 2.

[3] DIHS is a bureau of the Department of Health and Human Services and functions to oversee health care services for immigration detainees in federal, state, and local jails pursuant to a managed care/utilization management system.

Berks County Prison. Specifically, Bennett contends that prison officials refused to provide him with dentures, and this denial amounted to deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments.

In September 2001, Bennett was detained by the Immigration and Naturalization Service ("INS"), and he was later placed in custody at the Berks County Prison.[4] At the time of his detention, he was missing most of his teeth and required a soft food diet. The prison provided an appropriate diet and medication to digest the food, which "caused plaintiff Bennett a negative reaction and brought up fluid from his stomach." Amended Complaint at ¶ 40. In January 2002, Plaintiff specifically requested dentures, a request that was subsequently denied because the DIHS policy states that he could not receive dental treatment until he had been in custody for a minimum of twelve months.

In March 2002, the prison dentist submitted a preauthorization request to INS for dentures. Nazareth, Regional Dental Consultant of DIHS, later denied this second request because Bennett had been in custody for less than one year, and because there was no documented weight loss. In September 2003, Bennett filed a grievance for lack of medical care. In October 2003, Bennett was transferred to York County Prison, where he finally received dentures in June 2004. Bennett originally filed his claim on August 10, 2005 and submitted an Amended Complaint just over a month later.

**III. Parties' Contentions**

In his § 1983 suit, Bennett seeks declaratory and monetary relief. Bennett contends that

---

[4] The Immigration and Naturalization Service is now known as Immigration and Customs Enforcement.

the DIHS policy to refuse dental treatment to all federal immigrant detainees in custody for less than twelve months is unconstitutional. Bennett further contends that the Defendants through their policy, practice, and/or actions, violated his Eighth and Fourteenth Amendment rights when they failed to provide him dental care both when he had been detained for less than twelve months and after he had been detained for twelve months.

Defendants DIHS, Migliaccio, and Nazareth moved to dismiss the suit primarily because the applicable two-year statute of limitations bars the suit, and also because Bennett has failed to state a claim that amounts to "deliberate indifference to a serious medical need."[5] The Defendants are correct that the Pennsylvania personal injury statute of limitations applies to § 1983 claims, because there is no federal statute of limitations. Under this theory, the Defendants argue that even if the claim did not accrue until January 2003, a full year after the first denial by prison officials, his cause of action is still barred. As for the purported Eighth Amendment violation, the Defendants argue that a claim that Bennett's dental care was ineffective and insufficient to meet his needs does not amount to a constitutional claim of deliberate indifference. The Defendants contend that Bennett was seen by dental professionals, given a diet compatible with his dental needs, and received proper medication for digestion of a soft food diet.

The County and Wagner moved to dismiss the suit on the grounds that Bennett failed to

---

[5] The Defendants also provided additional grounds for dismissal, namely: (1) there is no allegation of any personal involvement, eliminating the Bivens claim against Migliaccio; (2) Migliaccio and Nazareth are entitled to qualified immunity as a matter of law, since they have not violated any of Bennett's "clearly established constitutional rights"; and (3) this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Court will not address these other bases for dismissal, since an analysis of the statute of limitations and Eighth Amendment issue is sufficient to decide the instant motions.

properly set forth a Monell claim, since there are not facts to support the conclusory allegation that a Berks County policy or practice resulted in the alleged constitutional violation. They argue that because the amended complaint does not indicate that the Berks County Prison has the duty to override the DIHS guidelines, the claims against the County and the Warden in his official capacity must be dismissed.

In response, Bennett argues that he has met his burden under F.R. Civ. P. 8(a) to establish a Monell claim and that the County should be liable for policies it permitted others to decide or determine if those policies prove unconstitutional. Bennett also asserts that due to the difficulties encountered by a private litigant in accessing municipalities' policies, directives, training, and materials, it would be most appropriate for the Court to deny the motion to dismiss and allow him to attempt to develop "the specific factual underpinnings of the municipal liability claim." Pl's Resp. at 6.

In its Motion to Dismiss, Primecare argues that Bennett has failed to state a claim because the facts alleged in the amended complaint do not amount to deliberate indifference to a serious medical need. Primecare contends that deliberate indifference is more than "inadvertence or good faith error," and is characterized by "obduracy and wantonness." Primecare Br. at 6. Primecare also indicates that mere negligence or misdiagnosis does not meet Eighth Amendment standards. Id. Primecare argues that because there is no allegation in the complaint that it could have overridden the DIHS treatment decision, the refusal to provide dentures resulted only from a difference of opinion between the prison dentist and DIHS and therefore does not amount to deliberate indifference to a serious medical condition.

Bennett argues in response that the denial of dental work by DIHS did not relieve

Primecare of its obligation to provide Bennett with necessary medical care. Moreover, Bennett asserts that the difference of dental opinion is irrelevant, since Primecare, when it claims to be bound by the DIHS determination, admits that it has adopted the policy of refusing medical care to immigration detainees incarcerated for less than one year. Therefore, Primecare should be held responsible for the constitutional violations which occurred as a result of the DIHS policy in effect at the prison.

## IV. Legal Standard

When deciding a motion to dismiss pursuant to F.R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## V. Discussion

### A. Plaintiff's Claim Is Not Barred by the Applicable Statute of Limitations

Congress has not established a statute of limitations for claims made pursuant to 42 U.S.C. § 1983. Therefore, the courts must apply an analogous statute of limitations. See Wilson v. Garcia, 471 U.S. 260 (1985). "In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d. Cir. 1998) (citing Wilson, 471 U.S. at 276 (1985)); Corporate Ctr. Assocs. v. Twp. of Bridgewater, 101 F.3d 320, 323 (3d. Cir. 1996); see also Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d. Cir. 1985) (applying Pennsylvania's two-year statute of

limitation for personal injury to claim made under 42 U.S.C. § 1983).

The same statute of limitations is applied to Bivens claims because Bivens claims are "not significantly dissimilar to claims brought under §§ 1981 and 1983." Napier v. Thirty or More Unidentified Agents, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) (quoting Chin v. Bowen, 833 F.2d 21, 23 (2d Cir. 1987)); see also Johnstone v. United States, 980 F. Supp. 148, 152 (E.D. Pa. 1997) ("Bivens actions are governed by the same limitations principles" as those governing civil rights actions under § 1983). Thus a state's statute of limitations for personal injury applies to claims filed against officials in their official and individual capacities.

The Pennsylvania statute of limitations for personal injury states that:

> The following actions and proceedings must be commenced within two years:
>   (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another . . .

42 Pa. Cons. Stat. § 5524 (2004). Therefore, a plaintiff who allegedly suffered injury in Pennsylvania pursuant to 42 U.S.C. § 1983 must file a claim within two years from the time the action accrued. The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

In the instant case, the Plaintiff made his first request for dentures in January 2002. The Plaintiff's request was subsequently denied pursuant to DIHS policy. Any possible claim arising out of the denial accrued at the time of denial because it was at that

point that the Plaintiff had reason to know of the injury that became the basis for this action.  Since he filed his claim on August 10, 2005, Plaintiff's claim would be barred by the statute of limitations if his request for dentures had been denied before the same date in 2003.  In their brief, Defendants DIHS, Nazareth, and Migliaccio argue that even if the Court allows Plaintiff the most generous construction of the timeline and does not consider the claim to have accrued until January 2003, when over one year had elapsed without receiving dentures, Plaintiff's claim would still be barred by the applicable two-year statute of limitations.  Def's Br. at 13.

After a close examination of the Amended Complaint and all of the briefs and responses, the Court is unable to determine on what specific date Plaintiff's request for dentures was denied.  Without such clarification, the date of accrual cannot be established and a proper statute of limitations analysis is impossible.  The Court therefore holds that because there is no clear indication that Plaintiff's claim accrued before August 10, 2003, his suit must be considered timely under the applicable two-year statute of limitations for purposes of the present motions.

### B. Cruel and Unusual Punishment Under the Eighth Amendment

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must establish that the alleged wrongful conduct was committed by a person acting under color of state law and that the conduct deprived the plaintiff a right, privilege, or immunity secured by the United States Constitution or the laws of the United States.  Here, the constitutional issue raised is the requirement under the Eighth Amendment that prison officials provide adequate medical care to inmates, and make reasonable efforts to guarantee prisoner health and safety.  See Farmer v. Brennan, 511 U.S. 825,

832 (1994). Though Plaintiff claims that the Government's failure to provide him with dentures amounted to a constitutional violation, the Court concludes that even though Plaintiff timely filed his complaint, Plaintiff will not prevail on his § 1983 claim because he failed to establish that Defendants violated his Eighth Amendment rights by inflicting cruel and unusual punishment in treating his medical issue.

In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) the Supreme Court recognized that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." <u>Id.</u> at 103. The Court concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." <u>Id.</u> at 104. The Third Circuit has held that "[t]he standard enunciated in <u>Estelle</u> is two-pronged: '[i]t requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious.'" <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987) (quoting <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1978)).

To satisfy the first prong announced in <u>Estelle</u>, an incarcerated individual must demonstrate that prison authorities exercised "deliberate indifference" to the individual's medical needs. <u>Id.</u> at 346. Neither mere allegations of malpractice nor mere disagreement as to the proper medical treatment support a claim of an Eighth Amendment violation. <u>Id.</u> at 346.[6]

---

[6] The Third Circuit has found deliberate indifference in at least five scenarios. <u>Lanzaro</u>, 834 F.2d at 346–47. First, "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." <u>Id.</u> at 346 (citation omitted) (citing <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 (6th Cir. 1976)). Second, "[s]hort of absolute denial, 'if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out.'" <u>Id.</u> (quoting <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11th Cir. 1985). Third "[d]eliberate indifference is also evident

9

Under the second prong of the Estelle analysis, a serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979) aff'd, 649 F.2d 860 (3d Cir. 1981). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." Lanzaro, 834 F.2d at 347. Additionally, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

In Dixon v. Rose, 1990 WL 121220 (E.D. Pa. Aug. 14, 1990) the pro se plaintiff, a state prisoner, filed a 42 U.S.C. § 1983 claim alleging inadequate medical treatment amounting to an Eighth Amendment claim since he had two teeth pulled to be fitted for a partial dental plate and had not received it as of the time he filed his complaint some months later. Id. at *1. Relying on Estelle, Judge Huyett of this court dismissed the plaintiff's claim as frivolous because he did not establish the seriousness of his claim. Id. The medical treatment did not amount to a constitutional violation because "[a] delay in providing a prisoner dental treatment, standing alone, does not constitute an eighth amendment violation." Id. (citing Hunt v. Dental Dep't, 865 F.2d 198 (9th Cir. 1989)). In order to successfully assert such a claim, a plaintiff would also have to show that he suffered "serious detriment" as a result of not receiving medical treatment.

---

where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'" Id. at 347 (quoting Todaro v. Ward, 565 F.2d 48, 53 (2d. Cir. 1977)). Fourth, "Prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment of the inmate's condition.'" Id. (citation omitted) (quoting West, 571 F.2d at 161). Fifth, "deliberate indifference is demonstrated, '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment.'" Id. (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d. Cir. 1979)).

Id.; see, e.g., Tripp v. Commonwealth of Pa., 2005 WL 3132317, at *3 (M.D. Pa. Nov. 22, 2005) (denying motion to dismiss and permitting Eighth Amendment claim to go forward where plaintiff had teeth extracted by a prison dentist and was refused further treatment, including the provision of dentures, when he suffered from pain and "continual bleeding gums").

      Just as in Dixon, the Plaintiff's claim in this case, that the Defendants refused to provide him with dentures, fails to establish a deliberate indifference to a serious medical need.  The Court has not found any suggestion of danger to the Plaintiff's health, and concludes that the Plaintiff failed to establish Defendants' deliberate indifference because the condition was indisputably, by Plaintiff's own allegations, treated by dental professionals with a soft food diet and medication to assist digestion.  Moreover, the fact that the prison dentist submitted a preauthorization request, which Defendants denied, is evidence of nothing more than a difference of medical opinion.  Although Plaintiff did not receive dentures upon request, he appears to have received adequate medical treatment and therefore fails to satisfy the first prong of the Estelle standard.

      The Plaintiff fails to establish that he had a serious medical need because the Plaintiff has not shown that he suffered serious detriment as a result of the delay in obtaining dentures. Although the Plaintiff was missing most of his teeth, his condition was treated with diet and medication.  This treatment may have caused some discomfort to the Plaintiff, but the relevant officials monitored his health and specifically noted that there was no documented weight loss. Additionally, the Plaintiff eventually received dentures, Amended Complaint at ¶ 36, and a delay standing alone does not establish a constitutional violation.  Therefore, the Plaintiff also fails to establish the second prong of the Estelle analysis.

**VI.  Conclusion**

For the reasons stated above, the Court finds that there is insufficient evidence in the record to find Plaintiff's claim untimely under the applicable two-year statute of limitations. However, the Court also holds that Plaintiff was unable to establish that Defendants violated his constitutional rights, and Plaintiff's claim fails on the merits even though it is not barred by the statute of limitations.  Therefore, Defendants' Motions to Dismiss will be granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO BENNETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIVISION OF IMMIGRATION | : | NO. 05-4251 |
| HEALTH SERVICES, et al. | : | |

**ORDER**

AND NOW, this 28th day of March, 2006, it is hereby ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 13, 16, and 20) are GRANTED. The Clerk shall close this case.

BY THE COURT:

  s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-4251 Bennett v. DIHS\Bennett v. DIHS - Motion to Dismiss.wpd